**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michal Danek, | No. 05-3283-PHX-ROS |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| Alberto R. Gonzales, U.S. Attorney General, U.S. Department of Justice; Michael Chertoff, Secretary, Department of Homeland Security; Eduardo Aguirre, Director, U.S. Citizenship & Immigration Services (USCIS); Alfonso Aguilar, Chief of Citizenship of USCIS; Al Gallman, Interim District Director, USCIS, | |
| Defendants. | |

On October 17, 2005, Plaintiff Michal Danek filed a Complaint for Writ of Mandamus. (Doc. 1) For the following reasons, the case will be dismissed.

In his complaint, Plaintiff asked the Court to require Defendants to make a determination on his Application for Naturalization. On December 7, 2005, Defendants filed a Motion to Dismiss. (Doc. 4) According to Defendants, Plaintiff's case should be dismissed because Plaintiff's Application for Naturalization was granted and he has been naturalized. Defendants included a copy of Plaintiff's Certificate of Naturalization with their Motion to Dismiss. Plaintiff did not file a response to the Motion to Dismiss.

1    "[A] case is moot when the issues presented are no longer 'live' or the parties lack a

2  legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496

3  (1969).  When deciding if a case is moot, "a court must ask whether a change in the

4  circumstances existing at the beginning of the litigation has forestalled any occasion for

5  meaningful relief that the court could grant." Lasar v. Ford Motor Co., 399 F.3d 1101, 1108

6  (9th Cir. 2005).  The granting of Plaintiffs Application for Naturalization is a sufficient

7  change in the circumstances to render this case moot.  Plaintiff's request regarding his

8  Application has already been granted, leaving no possibility that this Court can grant

9  meaningful relief.  Therefore, the case will be dismissed.

10    Plaintiff's complaint also requested an award of attorneys' fees. According to statute,

11  the prevailing party "shall, within thirty days of final judgment in the action, submit to the

12  court an application for fees and other expenses." 28 U.S.C. § 2412.  The issue of attorneys'

13  fees is "an ancillary matter over which the district court retains equitable jurisdiction even

14  when the underlying case is moot." Zucker v. Occidental Petroleum Corp., 192 F.3d 1323,

15  1329 (9th Cir. 1999).  If Plaintiff still wishes to pursue an award of attorneys' fees, he must

16  submit the appropriate documentation for attorneys' fees within thirty days of this order.

17    Accordingly,

18    **IT IS ORDERED** Defendants' Motion to Dismiss (Doc. 4) is **GRANTED**. This case

19  is **DISMISSED WITH PREJUDICE**.

20

21  DATED _04/05/06_ .

22

23

24  Roslyn O. Silver
    United States District Judge

25

26

27

28
    - 2 -